In the Matter of the Construction of the Will of ROBERT A. VAN WYCK, Deceased.

Surrogate's Court, New York County, November 9, 1953.

PROCEEDING for construction of will.

*John Patrick Walsh,* as executor of Leila G. Osborne, deceased, petitioner in person.

*Guggenheimer & Untermyer* for Paul H. Van Wyck, respondent.

*Leonard H. Kaplan* for Grace Van W. Tang, respondent.

*Solomon E. Star,* special guardian for unknown heirs, next of kin or distributees of Augustus Van Wyck, deceased, respondents.

*Carter, Ledyard & Milburn* for United States Trust Company, as trustee, respondent.

*Thomas F. Twyford* for Mary E. Van Wyck, individually and as executrix of William Van Wyck, deceased, respondent.

COLLINS, S. In this construction proceeding it appears that the testator by paragraph Third of his will gave one half of his estate to his widow and the residue of the other one half to his brother Augustus. He also gave to his brother any legacies that may have lapsed. In paragraph Sixth of the will he provided: " In the case of the death before me of my said brother Augustus, I direct that all legacies and devises that he is or would be entitled to under this my Will, shall go and belong to his direct descendants absolutely and forever." By a codicil he revoked the gift of the one half to the widow and disposed of such share in four equal parts, giving one to the widow outright and the others in three separate trusts (b), (c) and (d), with income payable to her as life beneficiary of the first two, (b) and (c) and the other (d) as follows: " (d) The fourth part to said United States Trust Company, in trust however, to pay the income to my said Wife during her life and after her death to pay the income to her daughter Kathryn during her life and after her death, the principal to my Brother Augustus or his heirs absolutely and forever." The widow

survived the testator and has since died. Upon the death of the widow trusts (b) and (c) terminated and the principal of each trust has been distributed. The daughter, Kathryn, still survives and is receiving the income as the secondary life beneficiary from trust (d). The court is asked to determine the disposition of the remainder of trust (d). The brother, Augustus, survived the testator but has also died, thus predeceasing the present life beneficiary, Kathryn. He left a will wherein he gave his entire estate to his children, William Van Wyck, and Leila G. Osborne in equal shares. Both children are now deceased. The executor of the daughter is the petitioner herein. He contends, as does the widow of the son, that upon Augustus surviving testator the remainder interest in trust (d) vested in Augustus absolutely and upon his death passed under his will to his children. The special guardian representing unknown presumptive heirs of Augustus urges that the testator intended a substitutional gift of the remainder to the heirs of Augustus living at the death of the present life beneficiary, Kathryn, because of the use in the codicil of the words " or his heirs ". In the codicil however the testator stated " in all other respects except as herein modified, I do hereby ratify my last will and testament." The latter clause effectively reaffirms the absolute gift to Augustus of the one half of the residue of the estate in paragraph Third of the will and also the provisions of paragraphs Fifth and Sixth thereof which provided that if Augustus survived the testator the gifts would go to him absolutely and that if he predeceased the testator they would go to his direct descendants absolutely and forever. As stated in *Hard* v. *Ashley* (117 N. Y. 606), the provisions of a will are not to be disturbed further than is necessary to give effect to the codicil. In considering the instruments together the words " and " or " or " need not be given strict grammatical significance but one may be substituted for the other, the controlling element being the intention of testator to be gathered from the entire document. The words " or his heirs " in the codicil must be held to have the same connotation as " and his heirs " since it relates back to the expression " his direct descendants " in the will. (*Hard* v. *Ashley, supra; Steinway* v. *Steinway*, 163 N. Y. 183.) It is obvious from a reading of the entire instruments that the testator's paramount intention was to benefit Augustus and *his immediate descendants*. The direct descendants of Augustus were to share only in the event that he predeceased the testator. Since he survived him, the remainder vested absolutely in Augustus on the testator's

death. The language " and heirs " are words of limitation and not of substitution. (*Steinway* v. *Steinway, supra.*)

The court therefore holds that upon the death of the testator, Augustus Van Wyck acquired a vested remainder in the principal of trust (d) which interest passed under his own will to his children, William Van Wyck and Leila G. Osborne, in equal shares.

Submit decree on notice construing the will accordingly.